UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


GEORGE LABADIE,                    )
          Petitioner               )
                                   )     CIVIL ACTION NO.
                                   )     1:16-cv-10721-DPW
v.                                 )
                                   )
NOEMI CRUZ                         )
          Respondent.              )


MEMORANDUM AND ORDER
January 19, 2017

     George LaBadie seeks habeas corpus relief to vacate his

Massachusetts state court conviction for larceny by

embezzlement, possession of counterfeiting equipment, and

attempt to commit a crime.  The Commonwealth has moved to have

the petition dismissed as time-barred.

## I. BACKGROUND

     Although the procedural background of this case is complex

and potentially confusing, the factual background is

comparatively simple.  In 2010, George LaBadie and his wife,

Susan Carcieri, were convicted in a jury trial of embezzlement

by a bank employee, possession of counterfeiting equipment, and

attempt to commit a crime.  LaBadie then appealed his conviction

on the grounds that the evidence presented was legally

insufficient, and that his conviction for the kind of embezzlement charged was improper.

The Massachusetts Appeals Court agreed with LaBadie that the embezzlement conviction was improper. This was because LaBadie and his wife stole from a federal credit union, not a bank, and that, therefore, Massachusetts state courts did not have jurisdiction to convict him. *See Com*. v. *LaBadie*, 972 N.E. 2d 66, 70-71 (Mass. App. Ct. 2012). The Appeals Court, however, rejected LaBadie's factual sufficiency of the evidence claim as to the other charges, finding that the convictions for counterfeiting tools and attempt to commit a crime were supported by the evidence. *Id.* at 70-72. The Appeals Court issued its opinion on July 25, 2012.

Both LaBadie and the Commonwealth sought leave for further appellate review in the Supreme Judicial Court. The SJC initially granted leave as to all issues. However, on November 26, 2012, the Court issued an order limiting further review to the embezzlement charge, *Com*. v. *LaBadie*, 979 N.E.2d 224 (Mass. 2012) (table), leaving the Appeals Court's affirmance of the other charges as the highest state court decision regarding those matters.

Consequently, on February 23, 2013, ninety days after the limiting order denying review as to LaBadie's counterfeiting and attempt to commit a crime convictions, the convictions on those

2

charges became final.  *See Foxworth* v. *St. Amand*, 570 F.3d 414, 430 n. 5 (1st Cir. 2009) (citing *Griffith* v. *Kentucky*, 479 U.S. 314, 321 n. 6 (1987)) (noting that an appellant has ninety days to appeal a final state court judgment to the Supreme Court for certiorari).

On February 5, 2014, the SJC issued an opinion affirming the Appeals Court's determination that LaBadie could not properly have been convicted in Massachusetts state court of the type of embezzlement he was convicted of at trial.  However, the SJC also held that the evidence presented at trial *could* support a conviction for a lesser-included offense of larceny by embezzlement, and remanded the case to the trial court for resentencing in accordance with the new charge.  *Com.* v. *LaBadie*, 3 N.E.3d 1093, 1105 (Mass. 2014).  The SJC did not disturb the finality of the sentence as to the other charges. LaBadie was resentenced on this larceny charge in the trial court on April 30, 2014.  He then sought direct federal review of the conviction on the lesser-included offense in the Supreme Court of the United States, which denied certiorari on October 6, 2014.  *Carcieri* v. *Massachusetts*, 135 S. Ct. 257 (2014) (cert. denied).  At this point, LaBadie's embezzlement conviction became final.

On January 20, 2015, LaBadie submitted his first petition for habeas corpus in this court.  That petition contained claims

that had not been brought before Massachusetts appellate courts in his original appeals or in a motion for a new trial and were, therefore, unexhausted.  The petition also included the exhausted embezzlement claim.  Magistrate Judge Dein afforded LaBadie the opportunity to amend the petition to proceed only on the exhausted claim.  LaBadie responded by submitting a petition that simply restated the unexhausted claims and added more unexhausted claims.  Judge Stearns, in review of a Report and Recommendation by Magistrate Judge Dein, dismissed the entire petition observing that LaBadie "simply repackaged most of his unripe claims" when given the opportunity voluntarily to delete the unexhausted claims and proceed with the exhausted one. *Labadie* v. *Mitchell*, 15-cv-10137-RGS, 2016 WL 727106, at *1 (D. Mass. Feb. 23, 2016).  Judge Stearns held that "[w]hen a petitioner declines to dismiss the unexcused claims, the district court should dismiss the entire petition without prejudice." *Id*.  (internal quotation marks and citation omitted).

Labadie filed the instant petition on April 15, 2016.  In it, as the grounds on which he claims the right to habeas relief, LaBadie states that "[t]he evidence was insufficient as a matter of law. Jurisdiction."  It is apparent he is mounting a challenge to the jurisdiction of Massachusetts courts to convict him of the crime of embezzlement involving a federal bank and

4

that he also challenges the sufficiency of the evidence to support his convictions in the other charges.

## II. ANALYSIS

As a threshold matter, I must first satisfy myself that the grounds on which LaBadie challenges his conviction in the *instant* petition have been exhausted.  Otherwise, the petition must again be dismissed on the mixed petition grounds relied upon by Judge Stearns.[1]  I find the contentions LaBadie raises in this petition were either directly addressed by the SJC or unsuccessfully submitted to the SJC through his application for further appellate review.  Although the petition itself might be said to be somewhat unclear as to precisely which convictions LaBadie is in fact challenging, his opposition to the Commonwealth's motion to dismiss clarifies the matter.  In that opposition, in addition to challenging the legal conclusion reached by the SJC with regard to the larceny by embezzlement charge, LaBadie also challenges the sufficiency of the evidence with regard to his other charges: possession of counterfeiting

---

[1] I note that under this Court's Local Rule governing related cases, L.R. 40.1(G), the instant petition should have been assigned to Judge Stearns.  Apparently because LaBadie did not disclose that he had previously filed a petition before Judge Stearns, the case was randomly assigned to my docket.  Rather than prolong resolution of the instant petition by reassignment as a related civil case, I have chosen to address the merits myself, finding — as will appear — that the lack of exhaustion identified by Judge Stearns is not a bar to the petition as now framed.

equipment and attempt to commit a crime.[2]  I need not, however,

proceed to the merits of his contentions because any challenge

with regard to his convictions is time-barred under the strict

statute of limitations imposed by the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA").

AEDPA's statute of limitations dictates that "a 1-year

period of limitation shall apply to an application for a writ of

habeas corpus by a person in custody pursuant to the judgment of

a State court."  28 U.S.C. § 2244.  That one year period starts

to run when "the availability of direct appeal to the state

courts, and to [the Supreme Court], has been exhausted."

*Jimenez* v. *Quarterman*, 555 U.S. 113, 119 (2009) (citations

omitted).  This applies to cases in which the Supreme Court has

denied certiorari, and in which a potential petitioner has

chosen not to seek certiorari and the time for filing a

certiorari petition has expired.  *Id.*

---

[2] LaBadie, in his submissions beyond his formal petition, also
recites various other grounds for vacating his conviction
through habeas relief.  In his opposition to this motion to
dismiss, he makes reference to a request for the ADAs who
prosecuted him to be recused, to fraudulent presentation of
evidence, to lack of access to certain evidence, and other
issues.  I do not address these additional issues.  First, these
grounds are not part of the formal petition now before me.
Second, they are the same arguments previously found unexhausted
in connection with his prior petition.  LaBadie brings nothing
to my attention to show that he has sought resolution in the
state system with regard to these issues.

**A.    Possession of Counterfeiting Equipment and Attempt to Commit a Crime**

As applied here, ALOFAR's statute of limitations analysis yields the conclusion that the convictions for the non-embezzlement charges (i.e. the charges that were not directly addressed by the SJC but resolved by the Appeals Court) became final on February 23, 2013.  That date is ninety days after the SJC issued its order limiting consideration of LaBadie's further appellate review to the embezzlement issue.  In those ninety days, LaBadie could have sought certiorari review, but did not, making his conviction as to those charges final.  Consequently, LaBadie had until February 23, 2014 either to seek habeas corpus relief in this Court or file "application for State post-conviction or other collateral review with respect to the pertinent judgment or claim," 28 U.S.C. § 2244(d)(2), which would have tolled the statute of limitations during its pendency.  He did not do so.

To be sure, LaBadie did file a motion to revise and revoke his sentence pursuant to Rule 29 of the Massachusetts Rules of Criminal Procedure.  Although this type of motion would toll the AEDPA statute of limitations, *see Kholi* v. *Wall*, 582 F.3d 147, 149 (1st Cir. 2009), LaBadie did not file it until March 31, 2014, more than a month after his one year limitation period to apply for habeas relief as to his non-embezzlement charges

expired.  LaBadie also filed a number of other motions seeking various forms of relief.  However, none of them was of the type that would serve to toll the limitations period under § 2242(d)(2).  Only filings that "seek reexamination of the relevant state-court conviction of sentence," such as a motion for a new trial, or a motion to revise and revoke, do so. *Kholi*, 582 F.3d at 151 (1st Cir. 2009) (collecting cases).  None of the motions that LaBadie filed in the state courts fall into this category except his untimely motion to revise and revoke. Consequently, I find that LaBadie's petition for relief as to the non-embezzlement charges is time-barred.

## B.   *Larceny By Embezzlement*

LaBadie's conviction for larceny by embezzlement became final on October 6, 2014, when the Supreme Court "denie[d] a petition for a writ of certiorari." *Jimenez*, 555 U.S. at 119.[3] Therefore, under AEDPA's statute of limitations, LaBadie had until October 6, 2015 to file a federal petition for habeas corpus.  He did in fact file his initial petition in this court on January 20, 2015.  However, as noted above, that petition was dismissed because all the claims asserted had not been

---

[3] I note here that, to the extent LaBadie might challenge his *sentence* instead of his conviction, such a claim remains unexhausted because the sentence has not been challenged and exhausted in the state courts.  I note further that such a challenge would appear, in any event, to be time barred.

exhausted.   *Labadie* v. *Mitchell*, 15-cv-10137-RGS, 2016 WL 727106
(D. Mass. Feb. 23, 2016).   The timing of his first federal
habeas petition is irrelevant for consideration of whether or
not the instant petition is time-barred.   The Supreme Court has
held that "§ 2244(d)(2) does not toll the limitation period
during the pendency of a federal habeas petition" because "an
application for federal habeas corpus review is not an
'application for State post-conviction or other collateral
review' within the meaning of 28 U.S.C. § 2244(d)(2)."   *Duncan*
v. *Walker*, 533 U.S. 167, 181 (2001).

Consequently, the relevant inquiry for me is whether or not
LaBadie filed the type of *State* "post-conviction" or "other
collateral relief" related to his larceny by embezzlement charge
that would toll the limitations period.   As noted above, in
Massachusetts, reexamination of the conviction or sentence can
proceed in the form of a motion for a new trial or a motion to
revise and revoke.   *See Kholi*, 582 F.3d at 151-52.   During the
relevant time period, LaBadie filed a flurry of post-conviction
motions.   However, none of them is of the type which could toll
the limitations period.

As noted, LaBadie did file a revise and revoke motion in
March of 2014.   This was denied in June of 2015.   But that
revise and revoke motion only challenged the non-embezzlement
charges.   On June 16, 2015, a day after this revise and revoke

motion was denied, LaBadie filed a motion to supplement his motion (presumably to add a challenge to the then-final embezzlement charge).  Another motion to revise and revoke was filed on October 1, 2015.  The June 16, 2015 motion to amend was quickly denied as moot because the underlying motion had already been denied.  The October 1, 2015 motion was untimely filed.

Massachusetts requires that revise and revoke motions be filed "within sixty days after *sentencing*."  *Com.* v. *DeJesus*, 795 N.E.2d 547, 551 (Mass. 2003) (citing Mass. R. Crim. P. 29(a)) (emphasis added).  Although the date for finality for LaBadie's *conviction* under the recalibrated embezzlement charge was October 6, 2014, the clock for a revise and revoke motion started at his resentencing, which occurred in the window during which he could have applied for certiorari.  LaBadie was resentenced on his larceny charge, after remand from the SJC, on April 30, 2014.  Accordingly, any revise and revoke sentence challenging the validity of *that* sentence of conviction had to be filed by June 30, 2014 in order to be timely.  LaBadie did not file a motion to revise and revoke specifically as to the larceny by embezzlement charge sentence until October 1, 2015, well more than 60 days following the challenged sentencing.  Therefore, the October 1, 2015 date is the relevant one to consider in evaluating whether the AEDPA limitations period was tolled.

At first blush, it would seem that this motion would toll the limitations period, because its resolution occurred within the one-year period before October 6, 2015.  However, in order to toll the AEDPA statute of limitation, a Massachusetts revise and revoke motion "must have been 'properly filed'" within the meaning of § 2244(d)(2).  *Holmes* v. *Spencer*, 685 F.3d 51, 60 (1st Cir. 2012).  This depends on an analysis of whether the filing comported with "the applicable laws and rules governing filings," such as "the time limits upon its delivery."  *Artuz* v. *Bennett*, 531 U.S. 4, 8 (2000).  The revise and revoke motion that challenged the embezzlement conviction and its sentence was not filed in a timely fashion under Massachusetts law and consequently did not toll the AEDPA statute of limitations.

LaBadie also filed many motions during the course of the various challenges to his other convictions and sentences.  However, none of his filings fell in the category of motions or petitions for relief that would toll the limitations period for federal habeas petitions.  Similarly, LaBadie's renewed motion for a required finding of not guilty pursuant to Rule 25 of the Massachusetts Rules of Criminal Procedure, was also filed too late to be deemed "properly filed."  Massachusetts procedure requires a defendant to file a renewed motion for a required finding of not guilty within five days after the jury is discharged.  *See* Mass. R. Crim. P. 25(b)(2).  LaBadie did not

11

submit such a motion until December of 2014, over four years
after he was convicted.

I find no submission made by LaBadie that would toll
AEDPA's limitations period as to the larceny by embezzlement
conviction or sentence.  I therefore conclude that his claims
with respect to that conviction and sentence are time-barred.

## C.   *Equitable Tolling*

Equitable tolling "enables a court to extend a statute of
limitations for equitable reasons not acknowledged in the
language of the statute itself." *Holmes*, 685 F.3d at 61.  In
order to justify application of equitable tolling, a litigant
must show "(1) that he has been pursuing his rights diligently,
and (2) that some extraordinary circumstance stood in his way."
*Holland* v. *Florida*, 560 U.S. 631, 655 (2010) (quoting *Pace* v.
*DiGuglielmo*, 544 U.S. 408, 418 (2005)).  Application of the rule
depends on a case-by-case analysis, but equitable tolling is
"the exception rather than the rule." *Trapp* v. *Spencer*, 479
F.3d 53, 59 (1st Cir. 2007).

LaBadie has certainly been very active in his pro se
filings.  However, just as motion is not necessarily movement
activity is not by itself diligence.  LaBadie has essentially
filed a series of repetitive motions.  He has not, however, been
diligent in attention to filing in the correct procedural
format.  His refusal voluntarily to excise the unexhausted

12

claims of his initial federal habeas petition, despite having
been given the opportunity to do so, establishing that he has
knowingly and willfully disregarded the court's specific
suggestions about proper procedures.

Even if Labadie's efforts could somehow be characterized as
diligent, there is no indication that there are any
extraordinary circumstances that prevented him from filing the
necessary motions within the correct time window.  Certainly,
the procedural history of this case has been confusing, and
perhaps may be even more so to an incarcerated individual
untrained in the law, even if he is the source of the confusion.
However, lack of legal training and incarceration are not
necessarily grounds for a finding of extraordinary
circumstances.  *See Holmes*, 685 F.3d at 62-63.  There must be
something uniquely extraordinary that prevented the petitioner
from filing his petition in a timely fashion.  No such
circumstances are evident in this case.

Equitable tolling might be shown if there were
extraordinary circumstances that could lead to a finding of
actual innocence.  *See McQuiggin* v. *Perkins*, 133 S. Ct. 1924,
1928 (2013).  However, in order to make such a showing, a
petitioner must demonstrate that there is new evidence that
would change the circumstances such that "no juror, acting
reasonably, would have voted to find him guilty beyond a

reasonable doubt" in light of such new evidence.  *Schlup* v. *Delo*, 513 U.S. 298, 329 (1995).

LaBadie makes much of his accusations of prosecutorial misconduct, and the fact that certain rubber bands that held together the money he allegedly stole may have been switched out for trial.  None of these allegations could provide an adequate basis for a reasonable juror to have changed that juror's opinion as to LaBadie's guilt.  These allegations, and others, have also been presented to multiple levels of the Commonwealth's court system.  Those courts examined the record thoroughly and reached reasonable conclusions based on full analysis.  I see no new evidence that would cause me to disturb their holdings, and, therefore, find no reason in law or equity to forestall dismissal of this petition.

### III. CONCLUSION

For the foregoing reasons, I GRANT the Defendants' Motion to Dismiss, and direct the Clerk to enter a judgment dismissing the petition with prejudice.

*/s/ Douglas P. Woodlock*_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE